IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARTIN AUGUSTINE MITCHELL    *
 A#24 090 637           Petitioner,
                                               *
       v.                                                  CIVIL ACTION NO. RDB-05-662
                                               *
STEVEN R. WILLIAMS, WARDEN
                          Respondent.        *
                                              ******

**MEMORANDUM**

       Petitioner is a detainee in Department of Homeland Security ("DHS"), Bureau of Customs Enforcement ("ICE") custody at the Dorchester County Detention Center. His 28 U.S.C. § 2241 Petition solely challenges his continued post-removal-order detention. In its Response, the Government claims that Petitioner's detention comports with due process, because he has failed to establish that there is no significant likelihood of his removal to Grenada in the reasonably foreseeable future. Paper No. 4. In his Rebuttal, Petitioner asserts that Respondent "can put forth no reasonable amount of time" when travel documents will be issued. Paper No. 5. Respondent's court-ordered surreply indicates that Petitioner is currently scheduled to be removed on June 16, 2005. Paper No. 6.

       Petitioner is a Grenadian national who was taken into ICE custody on August 30, 2004. The nation of Grenada was subject to wide-spread devastation when hit by Hurricane Ivan in September of 2004. Delay in the issuance of Petitioner's travel document occurred due to destruction of Grenada's communications and building infrastructure. Respondent now indicates that on May 25, 2005, the government of Grenada notified the United States Consulate at St. Georges that it had verified Petitioner's

identity as a Grenadian national and that he would be permitted to return to Grenada. Paper No. 7, Ex. A. Petitioner's itinerary shows that he is currently scheduled for removal on June 16, 2005. *Id*., Ex. B.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), read in light of the due process protections to be afforded to aliens who have been admitted into the United States, generally permits the detention of such an alien under a final judicial or administrative order of removal only for a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. Associate Justice Stephen G. Breyer, writing for the majority, concluded that the detention of such an alien beyond the statutory removal period, for up to six months after the removal order becomes final, is "presumptively reasonable." *Id.* After six months, if an alien can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must rebut the alien's showing in order to continue the alien in detention. *Id*.

Petitioner has failed to meet his burden of establishing that his removal is unlikely to occur in the reasonably foreseeable future. His removal is imminent and will occur shortly. The Petition shall therefore be dismissed. [1]

A separate Order follows.

Date: June 9, 2005                                /s/
                                                  RICHARD D. BENNETT
                                                  UNITED STATES DISTRICT JUDGE

---

[1] Respondent shall provide a report regarding the status of Petitioner's removal.